**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 4:15CR136** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **RICARDO MCKINNEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |


**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #42) of Defendant,

Ricardo McKinney, to Suppress.  Defendant's Motion seeks an order suppressing items

seized during the search of 1538 North Road SE, Warren, Ohio 44484, and suppressing any

statements made by Defendant during his arrest on February 25, 2015.  At this time, the Court

will address only the portion of the Motion challenging the Search Warrant.  For the

following reasons, the Court denies Defendant's Motion.

## I. BACKGROUND

In late 2014, the Warren Police Department Street Crimes Unit learned through a

confidential informant that Defendant was selling crack cocaine and heroin from a yellow

residential dwelling located at 1538 North Road SE, Warren Ohio 44484.  (Affidavit of Detective Melanie Gambill, ¶ 7).   Also, the staff at a medical building, located directly south of the residence, notified a Warren police detective that they believed that the residence was a drug house based on the traffic that they saw coming and going.  (*Id*. at ¶ 8).  Another confidential source said that Defendant had a shotgun at the North Road residence.  (*Id*. at ¶ 10).

Subsequently, the Street Crimes Unit initiated an investigation and began surveillance. Two controlled heroin buys were arranged between a confidential source and Defendant on January 26, 2015 and February 19, 2015.  (*Id*. at ¶ 11 through ¶ 15).   The confidential source made audio and video recordings of the buys; and upon review by Detective Gambill, the transactions described by the confidential source were confirmed.  (*Id*.).   The substance purchased with pre-recorded funds was analyzed and determined to be heroin.  (*Id*.).   During surveillance of the residence, detectives observed a silver BMW in the garage, which was later found to be registered to Ricardo McKinney.  (*Id*. at ¶ 12).  A check of the Warren City Water Department records revealed that the water bill for 1538 North Road SE was in Defendant's name.  (*Id*. at ¶ 17).   Moreover, a criminal records check revealed that Defendant had felony convictions for Drug Possession and Domestic Violence.  (*Id*. at ¶ 16).

On February 20, 2015, Warren Municipal Court Judge Terry Ivanchak considered Gambill's Affidavit, which detailed the investigation, surveillance and controlled buys, and which included a description and photo of the dwelling.  Judge Ivanchak issued a Search Warrant for the property at 1538 North Road SE, the premises, curtilage, attached garage, vehicles and all persons that would be present or arrive during the course of the search,

-2-

permitting seizure of the following items:

> Heroin, a Schedule 1 Controlled Substance and other drugs of abuse, as defined by ORC 3719.011(A), Drug Paraphernalia, as defined by ORC 2925.14, Drug Abuse, as defined by ORC 2925.11 and other items which are evidence of and in violation of, Trafficking in Drugs, ORC 2925.03.  These items include but are not limited to scales, packaging materials, pipes, syringes, *weapons*, scanners, notes, records, mail, ledgers, photographs, receipts, address books, phone books, financial records, conveyances, books, safes, safety deposit box keys, U.S. Currency, checks, money drafts, real estate drafts, deposit slips, cancelled checks, printouts, and evidence of expenditure(s) of currency and currency equivalents, and items bartered or sold in exchange for said contraband to include but not limited to pre-paid debit cards and merchant gift cards, surveillance cameras, monitors, and recorders. (Emphasis added).

Upon a search of the premises, Warren police recovered, among other items, more than a kilogram of heroin, approximately $6,000 in cash, a Ruger RedHawk .41 caliber loaded revolver, an AMT .45 caliber loaded pistol, digital scales, drug cutting paraphernalia, and documents and photos in Defendant's name.  On April 8, 2015, a federal Grand Jury returned a four-count Indictment charging Defendant with Distributing Heroin and being a Felon in Possession of Firearms.

On December 8, 2015, Defendant filed his Motion to Suppress (ECF DKT #42), arguing that the Search Warrant "was not supported by probable cause and failed to describe with particularity the items to be seized," and "contained no coherent description of the items to be seized, but consisted of cut and pasted boilerplate language."  The Government responded on December 15, 2015; and the matter is ripe for the Court's consideration.

## II. LAW AND ANALYSIS

### Standard of Review

The Fourth Amendment to the United States Constitution states: "The right of the

people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. Amend. IV.  Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof, but more than mere suspicion" and exists "when there is a 'fair probability' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Lattner,* 385 F.3d 947, 951 (6th Cir. 2004), *cert. denied,* 543 U.S. 1095 (2005) (citing *United States v. Davidson,* 936 F.2d 856, 859 (6th Cir. 1991)).

In *Illinois v. Gates,* 462 U.S. 213, 238-39 (1983), the Supreme Court announced the basic standard for determining whether an affidavit establishes probable cause to issue a search warrant:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, ***given all the circumstances set forth in the affidavit*** before him [or her], ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.  (Emphasis added).

*See also United States v. Helton,* 314 F.3d 812, 819 (6th Cir. 2003); *United States v. Davidson,* 936 F.2d 856, 859 (6th Cir.1991).

A probable cause finding "should be paid great deference by reviewing courts." *Gates*, 462 U.S. at 236.  However, reviewing courts must ensure that the issuing magistrate or judicial officer did "not serve merely as a rubber stamp for the police."  *United States v. Leon,* 468 U.S. 897, 914 (1984), quoting *Aguilar v. Texas,* 378 U.S. 108, 111 (1964).  Further, reviewing courts "will not defer to a warrant based on an affidavit that does not 'provide the

-4-

magistrate with a substantial basis for determining the existence of probable cause.'"  *Leon,* at 915, quoting *Gates, supra*, 462 U.S. at 239.

A reviewing court assesses probable cause by focusing only on the four corners of the affidavit.  *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1998) (citing *Whitley v. Warden*, 401 U.S. 560, 564-65 (1971)); *United States v. Hatcher*, 473 F.2d 321, 324 (6th Cir. 1973).  The probable cause standard is a "practical nontechnical conception."  *Brinegar v. United States*, 338 U.S. 160, 176 (1949).  The probable cause findings of an issuing judicial officer "should not be set aside unless arbitrarily exercised."  *United States v. Leake*, 998 F.2d 1359, 1363 (6th Cir. 1993); *United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993).

Upon review of Detective Gambill's Affidavit and the Search Warrant, and in light of the applicable law, the Court finds that Defendant's objections are not compelling.  In Detective Gambill's Affidavit, she explains how law enforcement began to suspect that Defendant was trafficking narcotics inside 1538 North Road SE, Warren, Ohio 44484.  The dwelling was clearly described and a photograph was provided along with the search warrant application.  Gambill explained that the water bill was in Defendant's name and that a BMW vehicle, registered to, and driven by Ricardo McKinney, was observed coming and going from the residence.  She noted that Defendant had been previously convicted of drug possession.  The Affidavit outlines in detail how two confidential buys were transacted and recorded inside the residence; and that quantities of heroin were sold by Defendant to the informant.

The Search Warrant includes a non-exhaustive list of items to be seized, including heroin and other drugs, drug paraphernalia, currency, ledgers and other records and,

significantly, weapons.  When the police "have a warrant to search a given area for specific objects, and in the course of the search come across some other article of incriminating character," the non-enumerated incriminating objects are properly seized.  *Horton v. California*, 496 U.S. 128, 135, 141 (1990).  Thus, since Detective Gambill informed the municipal judge that Defendant is a convicted felon, it followed that Defendant would be ineligible to possess a firearm.  Consequently, the seizure of the Ruger RedHawk .41 caliber revolver and the AMT .45 caliber loaded pistol was appropriate.

### III. CONCLUSION

The Court holds that the information relied upon in the Affidavit provided the requisite probable cause to justify the issuance of the Search Warrant for the premises located at 1538 North Road SE, Warren, Ohio 44484.  The Court further finds that the Search Warrant was sufficiently specific and clear in scope to satisfy the strictures of the Fourth Amendment.

Therefore, the Court denies the Motion (ECF DKT #42) of Defendant, Ricardo McKinney, to Suppress the evidence seized during the February 25, 2015 search, and finds it unnecessary to address the good faith exception provided in *United States v. Leon*, 468 U.S. 897(1984).

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  December 17, 2015**

-6-