## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT COURT OF OHIO
## EASTERN DIVISION OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case  No. 4:15-CR-00136 |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER BOYKO** |
| | ) | |
| v. | ) | |
| | ) | |
| RICARDO McKINNEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DENY ISSUANCE/QUASH SUBPOENA FOR LANESHA WORKMAN AND FOR PROTECTIVE ORDER**

Now comes Attorney Thomas Rein, CJA Court Appointed Attorney for Lanesha Workman, whom the defense wishes to subpoena for a trial set to commence on March 27, 2017 and hereby states its opposition to such a subpoena and moves this Honorable Court for further relief.

For the reasons stated in this Motion and the accompanying Brief, Attorney Thomas Rein respectfully moves and requests that this Honorable Court grant this Motion for an Order denying the issuance of the Subpoena and to Quash the Subpoena for Lanesha Workman, and for a Protective Order, relieving Ms. Workman from any duty to respond if a subpoena was issued to her and/or to give testimony in this case.

Respectfully submitted,


By:     s/ Thomas Rein_____
THOMAS REIN, ESQ.
820 West Superior
Suite 800
Cleveland, Ohio 44113
(216) 687-0400
(216) 566-0738 (facsimile)
RazorT@aol.com
Ohio Bar No. 0041571

Attorney for Lanesha Workman

1

**BRIEF IN SUPPORT OF THIS HONORABLE COURT GRANTING THIS MOTION FOR AN ORDER DENYING THE ISSUANCE OF THE SUBPOENA AND TO QUASH THE SUBPOENA FOR LANESHA WORKMAN, AND FOR A PROTECTIVE ORDER**

On Sunday, March 26, 2017, counsel for Lanesha Workman happened to check the docket in this case and discovered that counsel for Defendant Ricardo McKinney had on March 26, 2017 filed "Application for Issuance of Rule 17(b) and Subpoenas and Request for Advance Authorization of Funds for Witnesses and Documents," for a criminal trial due to commence on Monday, March 27, 2017 That request included the request for an issuance of a subpoena for Lanesha Workman, whom this Honorable Court appointed undersigned counsel to represent on January 9, 2017.

As recently as March 15, 2017, undersigned counsel with the parties present indicated in chambers to this Honorable Court, to the AUSA assigned to this case; Marissa Darden, and both attorneys for Defendant Ricardo McKinney that Lanesha Workman intends to exercise her constitutional Fifth Amendment rights against self-incrimination in this case. However, in spite of this, the attorneys for McKinney still are attempting to pursue this current course of action.

Therefore, Lanesha Workman through undersigned counsel now moves and requests this Honorable Court to allow her to invoke and exercise her Fifth Amendment rights. This can be accomplished by this Honorable Court denying Defendant McKinney's motion and by issuing a protective order relieving Ms. Workman from any duty to respond or having any further involvement in this case.

Fed. Civ. Rule 45(d)(1) mandates:

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Additionally,  Fed. Civ. Rule 45(d)(3) gives a court authority to quash a subpoena.

> *Quashing or Modifying a Subpoena.*
>
> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
>> (i) fails to allow a reasonable time to comply;
>>
>> (ii) requires a person to comply beyond the geographical limits specified in **Rule 45(c)**;
>>
>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>>
>> (iv) subjects a person to undue burden.

Rule 45(c) PLACE OF COMPLIANCE.

> (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
>> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>>
>> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>>
>>> (i) is a party or a party's officer; or
>>>
>>> (ii) is commanded to attend a trial and would not incur substantial expense.

### <u>ANY SUBPOENA DIRECTED TO LANESHA WORKMAN SHOULD BE QUASHED FOR SEVERAL REASONS.</u>

1) The trial is set to start Monday, March 27, 2017.  The defense is asking that a subpoena be issued requiring her to appear Wednesday, March 29, 2017. The subpoena has not even been issued yet. How and when would she even physically receive the subpoena? Under Rule 45, it would fail to allow her a reasonable time to comply under (i) above.

2) The address listed for her is Draper Road in Warren, Ohio. This is also in violation of the rule (ii) as her listed address is 170 miles away from the Federal Court house in Cleveland, more than the 100 mile limit. No exceptions apply as she is not a party to the case and would incur substantial expense as transportation to Cleveland is going to be a problem for her.

3) Most importantly, if a subpoena were to be issued to her, it would be a violation of (iii) as it "requires disclosure of privileged or other protected matter."  As stated previously and will be further discussed below, Ms. Workman intends to use her Fifth Amendment privilege.

3

Lanesha Workman previously testified at a preliminary hearing in Warren Municipal Court on March 12, 2015. Shortly after cross-examination of her began, Ms. Workman asked the judge if she can "plead the Fifth." The judge made a finding that the "witness has asserted her Fifth Amendment Right," and "refused to allow any other questioning of her, take place, at this time." The judge also suggested to Ms. Workman that she obtain counsel.

After meeting with undersigned counsel, Ms. Workman intends to exercise her Fifth Amendment right against self-incrimination.

The Fifth Amendment of the United States Constitution states:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Undersigned counsel has met with and spoken with the AUSA assigned to this case. Based upon this, it is very apparent that there is a sound basis for Ms. Workman's fear of prosecution should she testify in Defendant McKinney's trial. Not only is should she fear prosecution, but that danger is very real given that charges could follow which include drug trafficking, conspiracy, money laundering, obstructing justice, etc. Additionally, it is counsel's understanding that Ms. Workman's statements if she were to testify in Defendant McKinney's trial would substantially and materially differ from her statements in the earlier municipal court proceeding, which could subject her to perjury charges.

As such, courts have allowed a witness to invoke the Fifth Amendment privilege when "truthful testimony in that later proceeding will reveal perjury in a past proceeding." *United States v. Allmon* (8th Cir. 2010), 594 F.3d 981, 986.

Further. a District Court has the discretion to prevent a party from calling a witness solely to have him invoke the privilege against self-incrimination. *United States v. Deutsh*, 987 F.2d 878

(2d Cir. 1993). The Sixth Circuit has held that it is **_not_** error for a District Court to bar such a

witness from testifying. *See United States v.Vandetti*, 623 F.2d 1144, 1147-49 (6th Cir. 1980).

Therefore, Lanesha Workman respectfully requests and moves this Honorable Court for

an Order denying the issuance of the Subpoena of her and to Quash the Subpoena for her

Workman, along with a Protective Order, relieving Ms. Workman from any duty to respond if a

subpoena was issued to her and/or to give testimony in this case.

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2017, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the  electronic filing receipt.

s/ Thomas Rein_____
THOMAS REIN
Attorney for Defendant